UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANN GATES MIDDLETON,

        Plaintiff,

  v.

CAVALRY PORTFOLIO SERVICES, LLC, CITIBANK N.A. INC.,

        Defendants.

Case No. 2:16-cv-01760-MMD-PAL

ORDER

## I. SUMMARY

Before the Court are three motions: Plaintiff's Motion "Jurisdictional Challenge" (ECF No. 46); Defendant Cavalry Portfolio Services, LLC's ("CPS") Motion to Dismiss Plaintiff's Second Amended Complaint and Request to Declare Plaintiffs Vexatious Litigants ("CPS's Motion") (ECF No. 48); and CPS's Motion to Strike Plaintiff's Affidavit in Support of Entering a Judgment Against Defendant Cavalry Portfolio Services, LLC (ECF No. 59).[1]

For the reasons discussed below, CPS's Motion is granted in part and denied in part and the two pending motions are denied as moot.

## II. BACKGROUND

On June 29, 2016, Plaintiff Ann Gates Middleton filed a complaint against CPS and Citibank N.A., Inc. ("Citi") in the Justice Court of Clark County, Nevada. (ECF No. 1-2.) On

---

[1] Plaintiff filed numerous notices and writs that do not warrant addressing. (*See, e.g.,* ECF No. 67, 68, 69.)

July 25, 2016, CPS removed this action on the basis of federal question jurisdiction, 28 U.S.C. § 1331.[2] (ECF No. 1 at 2.) On August 3, 2016, Plaintiff filed her First Amended Complaint ("FAC"). (ECF No. 5.) On March 13, 2017, this Court granted CPS and Citi's motions to dismiss the FAC, permitting Plaintiff to amend her Fair Debt Collection Practices Act claim ("FDCPA") against CPS. (ECF No. 43 at 9.) In the previous order, the Court also dismissed with prejudice Plaintiff's claims under the Telephone Consumer Privacy Act ("TCPA") and Nevada Deceptive Trade Practices Act ("NDTPA") as well as all claims against Citi. (*Id.*) The Court instructed Plaintiff that in order to state a claim for relief under the FDCPA, she needed "to allege details concerning the nature of the credit card debt," specifically that the debt is one for personal, family, or household purposes. (*Id.* at 6.)

In the SAC, Plaintiff restates the facts found in the FAC (*see id.* at 1-3 (this Court's prior order in which it states the facts found in the FAC)), but adds the following facts:

- On November 21, 2016, "Plaintiffs"[3] sent a letter attempting to verify the debt;
- Because no reply was received, the "alleged debtor" agreed "to Plaintiffs' claim that there was no debt";
- Erivin Middleton received a debt collection letter from CPS;
- Ervin sent three demand letters, but no responses were received.

(ECF No. 45 at ¶¶ 20-22.) Additionally, Plaintiff failed to remove her TCPA and NDTPA claims or to remove the claims against Citi from the SAC. (*Id.* at 7-12.)

///

///

---

[2]Thus, it is Plaintiff's FDCPA claim itself that gives this Court current jurisdiction over her case, as the claim arises under federal law.

[3]Ervin Middleton is not a plaintiff to this action. To the extent Plaintiff Ann Middleton wished to add Ervin as a plaintiff to this action, she was required to seek leave of court to do so. *See* Local Rule 15-1(a); *see also* Fed. R. Civ. P 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.") This Court's prior order permitted her only to amend her FDCPA claim; it did not allow Plaintiff to add additional plaintiffs.

## III. LEGAL STANDARD

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but it has not show[n] — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain

3

recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

**IV.   CPS'S MOTION (ECF No. 48)**

CPS requests that this Court dismiss the SAC with prejudice and declare Plaintiff and Ervin Middleton "vexatious litigants" so that the two are required to obtain court permission before filing any future claims or suits against "Defendants." (ECF No. 48 at 3-4.) The Court agrees that the SAC should be dismissed with prejudice[4] but declines to declare that Ann and Ervin Middleton are vexatious litigants.

The Court instructed Plaintiff to allege that the account for which CPS allegedly contacted them was a "debt" within the meaning of the FDCPA. However, in the SAC, Plaintiff contend sthat "there is no debt" and that, as a result, "the question of whether the alleged debt was for 'personal, household or family expenses' cannot be answered." (ECF No. 45 at ¶ 23.) This amendment fails to meet the FDCPA requirement that Plaintiffs at least plead that the account is a debt, i.e., that the charges on the account were incurred "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Because Plaintiff clearly denies the existence of a debt, she has failed to plead a basic element of an FDCPA claim.[5] Therefore, this claim is dismissed with prejudice.[6]

---

[4] The Court dismissed the TCPA and NDTPA claims with prejudice in its prior order. (ECF No. 43.) Therefore, it will address only whether amendment cured the issue with the FDCPA claim.

[5] Plaintiff could have satisfied this simple requirement by stating that upon information and belief, the account that CPS had contacted her about was a debt ensuing from personal, family, and household expenditures.

[6] The Court declines to grant CPS's request that it declare Plaintiff and Ervin Middleton to be "vexatious litigants" for two reasons. First, Ervin Middleton is not a proper litigant in this action. Second, while this case does contain filings which as a matter of federal civil procedure are frivolous, they are not abusive.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Defendant Cavalry Portfolio Services' Motion to Dismiss (ECF No. 48) is granted in part and denied in part. It is granted with respect to the FDCPA claim; it is denied with respect to the request to declare Plaintiff and Ervin Middleton "vexatious litigants." The other pending motions (ECF Nos. 46, 59) in this case are therefore denied as moot.

The Court dismisses this action with prejudice. The Clerk is instructed to enter judgment accordingly and close this case.

DATED THIS 9th day of January 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE